UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RONALD WAYNE MORRISON            CIVIL ACTION NO. 03-1148-P

versus                           JUDGE HICKS

WARDEN, ET AL.                   MAGISTRATE JUDGE HORNSBY

_____

## REPORT AND RECOMMENDATION

**Introduction**

A Caddo Parish jury convicted Ronald Wayne Morrison ("Petitioner") of second degree murder. The conviction and mandatory life sentence were affirmed on direct appeal, and a post-conviction application was unsuccessful. Petitioner then filed this action seeking federal habeas corpus relief on several grounds including the introduction of gruesome photographs of the victim, ineffective assistance of counsel and procedural defects in the indictment.

The court screened the petition for timeliness before ordering an answer from the state, but the facts relevant to timeliness are often not apparent until the full state court record has been filed with the state's response to the petition. That is true in this case, and the complete record now shows that the petition is not timely. The state has not yet specifically asserted a timeliness defense, but the court may do so *sua sponte*. Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999). It is recommended, for the reasons that follow, that the petition be dismissed as untimely.

**Commencement of One-Year Limitations Period**

A one-year period of limitations applies to petitions for habeas corpus. In an ordinary case, the limitation period runs from the date on which the state court judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The first step in assessing timeliness is, therefore, to determine when Petitioner's conviction became final and triggered the commencement of the one-year limitations period.

In a typical case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction becomes final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the United States Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). The rule is different if the defendant does not complete the appellate process and reach the state's highest court. "If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires." Roberts, 319 F.3d at 694.

Petitioner's direct appeal did not follow the typical path because, as set forth below, all of his submissions after the intermediate appellate court affirmed his conviction were untimely. That rendered his conviction final for purposes of Section 2244 upon the expiration of the 30-day period for filing an application to the Supreme Court of Louisiana

for a supervisory writ. This is a critical point because more than one year expired between that date and any event that could toll the limitations period, rendering this federal petition untimely. A detailed discussion of Petitioner's appellate process and applicable law follow.

The Second Circuit Court of Appeal affirmed the conviction by judgment rendered July 22, 1999. Tr. 500. The decision stated plainly on the first page that an application for rehearing could be filed within the delay permitted by La. Civ. Cr. P. art. 922, which is fourteen days after rendition of the judgment. Petitioner could also have sought further review in the Supreme Court of Louisiana by filing an application for supervisory writ, which "shall be made within thirty days of the mailing of the notice of the original judgment of the Court of Appeal; however, if a *timely* application for rehearing has been filed in the Court of Appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing." Louisiana Supreme Court Rule X, § 5(a) (emphasis added).

Petitioner did not timely apply for rehearing nor did he timely apply for supervisory writ. He did file with the Court of Appeal an *un*timely motion for reconsideration. The deadline for filing an application for reconsideration was fourteen days after rendition of the July 22, 1999 judgment, which was August 5, 1999. Petitioner's signature on his motion for reconsideration was dated September 28, 1999, and the clerk of court noted that the postmark on the envelope that contained the motion was September 30, 1999 which the clerk indicated was "late." Tr. 510-12. All of those dates are, as indicated by the clerk of court, well beyond

the fourteen days within which to file a timely application for rehearing. The Court of Appeal issued a simple order that the application was "DENIED." Tr. 535.

Because the request for reconsideration was not timely filed with the Court of Appeal, it did not affect the deadline for applying to the Supreme Court of Louisiana. See Louisiana Supreme Court Rule X, § 5(a). Petitioner's deadline was 30 days from the July 22, 1999 Court of Appeal judgment, or August 21, 1999. An application to the Supreme Court of Louisiana for a supervisory writ is deemed timely filed if properly mailed on or before the last day of the delay for filing. Louisiana Supreme Court Rule X, Sec. 5(d).

Petitioner did not mail an application before the deadline. Rather, Petitioner's next step in the process was to mail a writ application to the Supreme Court of Louisiana on November 9, 1999. Tr. 536-56. (Petitioner's signature at Tr. 556 is dated November 7, 1999, and the clerk noted at Tr. 537 that the submission was postmarked November 9, 1999.) Petitioner's application was mailed *80 days after the deadline* set forth in Louisiana Supreme Court Rule X, § 5(a). That rule states with respect to the time for filing a writ application: "No extension of time therefor will be granted." The Fifth Circuit, in examining a timeliness issue in Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 2000) emphasized that Rule X, § 5(a) "sets out no specific exceptions to, or exclusions from, [the 30-day filing] requirement" and that the rule "forbids any extension of the 30-day limit." The Supreme Court of Louisiana issued on May 26, 2000 an unexplained order that the application was "Denied." Tr. 569.

Petitioner's conviction became final when he did not file a timely application for supervisory writ within 30 days of the appellate court decision that issued on July 22, 1999. As explained above, in the typical case where a defendant timely pursues his appellate remedies to his state's highest court, his conviction is not deemed final until the ninety-day period has passed during which a petition for certiorari may be filed with the United States Supreme Court. But if, as in this case, the defendant does not timely apply to the state's highest court "the conviction becomes final when the time for seeking further direct review in the state court expires." Roberts, 319 F.3d at 694. Accordingly, Petitioner's conviction became final on August 21, 1999, when the thirty-day period for filing an application for a supervisory writ expired. McGee v. Cain, 104 Fed. Appx. 989, 990-91 (5th Cir. 2004) (applying Roberts to a Louisiana appeal when application for supervisory writ to high court was not timely). Nothing that Plaintiff filed in the Court of Appeal or Supreme Court of Louisiana, after the appellate decision was entered, was timely. None of those untimely filings did anything to prevent the conviction from becoming final and commencing the one-year limitations period.

**Possible Tolling**

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [subsection (d)]." Section 2244(d)(2). The Fifth Circuit faced in Williams v. Cain the issue of whether an untimely writ application to

the Supreme Court of Louisiana (filed in connection with a post-conviction application) that was rejected with a one word "Denied" order had any tolling effect. Williams also leads to the conclusion that an untimely writ application filed during the direct appeal process and that is not addressed on the merits does not have any tolling or other effect on timeliness.

The petitioner in Williams had to file his federal petition within the one-year grace period that followed enactment of the AEDPA and expired on April 24, 1997. Mr. Williams filed in May 1995 an untimely writ application (related to a post-conviction proceeding) with the Supreme Court of Louisiana that remained pending almost two years before the high court summarily denied it in April 1997. Mr. Williams quickly filed his federal petition in July 1997, just two months after the last action by the state court.

As in this case, the only potential grounds for tolling the limitations period that would have otherwise expired in April 1997 was the pendency of Mr. Williams' untimely filed writ application. The Fifth Circuit held that the post-conviction application ceased to be "properly filed" for purposes of tolling under Section 2244(d)(2) when the petitioner failed to file his application for a supervisory writ within the time allowed by Rule X, § 5(a). 217 F.3d at 308. Tolling was also unavailable because the post-conviction application ceased to be "pending" within the meaning of the statute when the petitioner failed to timely file an application for a supervisory writ. Id. at 309. Thus, the period for filing a federal petition

expired in April 1997 with no tolling whatsoever by the untimely writ application, and the federal petition was untimely.[1]

Williams was decided in the context of the post-conviction application process, but there are no apparent grounds to warrant ignoring its holding in this direct appeal context. Supreme Court Rule X applies identically to both types of proceedings. And the Fifth Circuit in McGee, supra applied Williams in the context of an untimely writ application that followed an affirmance on direct appeal. It is too far a stretch to call an untimely writ application filed with the Supreme Court of Louisiana after the direct appeal process ends a "properly filed application for State post-conviction or other collateral review" that permits tolling under § 2244(d)(2).

Petitioner's untimely submissions to the Supreme Court of Louisiana neither affected the date his conviction became final nor tolled the limitations period. The result may appear a bit harsh in a case where the untimeliness is not extraordinary, but it is not difficult to imagine the mischief that could be worked with untimely writ applications if the rules were otherwise.

---

[1] Melancon v. Kaylo, 259 F.3d 401 (5th Cir. 2001) held that an untimely application for a supervisory writ would, *if the state court addressed it on the merits*, toll the period from the filing of the untimely application until its denial. There is no indication that any of Petitioner's untimely submissions during the direct appeal process were considered on the merits. The Court of Appeal and the Supreme Court of Louisiana denied the untimely applications without explanation, exactly as the state court did in Williams. Accordingly, Kaylo does not support a tolling argument.

**Effect of Post-conviction Application**

Petitioner filed an application for state post-conviction relief on February 26, 2001. Tr. 570. He pursued that application to the Court of Appeal and Supreme Court of Louisiana. Properly filed post-conviction applications have the potential to toll the limitations period under § 2244(d)(2), but the one-year period of limitations had already expired before Petitioner filed his post-conviction application. Between the finality of the conviction on August 21, 1999 and the filing of the post-conviction application on February 26, 2001, a total of 555 days passed. The application could not toll a limitations period that had already expired. Terry v. Dretke, 2006 WL 372471 (5th Cir. 2006) ("State petitions filed after the expiration of the limitations period do not toll the limitation of § 2244.").

The only potentially relevant things that happened between finality of the conviction and the filing of the post-conviction application were Petitioner's *un*timely motion for rehearing filed with the Court of Appeal (denied without comment) and his *un*timely writ application filed with the Supreme Court of Louisiana (denied without comment). Williams precludes those submissions from having any tolling effect. This federal petition, filed in June 2003, was untimely.

**Conclusion**

When a district court applies the limitations period *sua sponte*, it should consider whether the habeas petitioner has been given notice of the issue, whether the petitioner has had a reasonable opportunity to argue against dismissal, and whether the state has intentionally waived the defense. Lewis v. Cockrell, 33 Fed. Appx. 704 (5th Cir. 2002).

There is no indication that the state has waived timeliness or any other defense. Its memorandum attacks the petition on the merits as well as for lack of exhaustion of certain claims. This Report and Recommendation notifies Petitioner that he is facing dismissal based on untimeliness. The objections period that follows this Report and Recommendation is sufficient to provide a reasonable opportunity to respond to the defense. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998).

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **DENIED** as untimely and that Petitioner's complaint be **DISMISSED WITH PREJUDICE.**

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 31st day of March, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE